# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JOAN JOHNSON EXECUTOR** | : | |
| **OF THE ESTATE** | : | **CASE NO. 2:24CV1527** |
| **OF DAREZ DUFF,** | : | |
| **DECEASED** | : | |
| **11051 Prudhoe Bay Street** | : | |
| **Las Vegas, Nevada 89179** | : | |
| | : | |
| **PLAINTIFF,** | : | **JUDGE:** |
| | : | |
| **VS.** | : | |
| | : | |
| **STATE OF OHIO** | : | |
| **30 East Broad Street, 14th Floor** | : | **JURY DEMAND ENDORSED** |
| **Columbus, Ohio 43215** | : | **HEREIN** |
| | : | |
| **OHIO DEPARTMENT OF** | : | |
| **REHABILITATION AND** | : | |
| **CORRECTIONS; and** | : | |
| **4545 Fisher Road, Suite D** | : | |
| **Columbus, Ohio 43228** | : | |
| | : | |
| **LEBANON CORRECTIONAL** | : | |
| **INSTITUTION; and** | : | |
| **3791 State Route 63** | : | |
| **Lebanon, Ohio 45036** | : | |
| | : | |
| **PICKAWAY CORRECTIONAL** | : | |
| **INSTITUTION; and** | : | |
| **11781 State Route 762** | : | |
| **Orient, Ohio 43146** | : | |
| | : | |
| **MELISSA MOODY-BETLEY; and** | : | |
| **3791 State Route 63** | : | |
| **Lebanon, Ohio 45036** | : | |
| | : | |
| **CAROLYN REIF; and** | : | |
| **3791 State Route 63** | : | |
| **Lebanon, Ohio 45036** | : | |
| | : | |
| **DARCY THOMPSON; and** | : | |
| **3791 State Route 63** | : | |

1

**Lebanon, Ohio 45036** :
:
**DR. RAJA; and** :
**3791 State Route 63** :
**Lebanon, Ohio 45036** :
:
**JENNIFER CAPANNARI; and** :
**3791 State Route 63** :
**Lebanon, Ohio 45036** :
:
**RANDALL WEAVER; and** :
**3791 State Route 63** :
**Lebanon, Ohio 45036** :
:
**CHRIS LOGSDON; and** :
**3791 State Route 63** :
**Lebanon, Ohio 45036** :
:
**AMBER STANLEY; and** :
**3791 State Route 63** :
**Lebanon, Ohio 45036** :
:
**BRENDA GROOMS; and** :
**3791 State Route 63** :
**Lebanon, Ohio 45036** :
:
**KAYLA SWANN; and** :
**11781 State Route 762** :
**Orient, Ohio 43146** :
:
**GENET WOLDEHIWOT; and** :
**11781 State Route 762** :
**Orient, Ohio 43146** :
:
**NICHOLAS GOMULINSKI; and** :
**11781 State Route 762** :
**Orient, Ohio 43146** :
:
**FATMATA HARTLEY; and** :
**11781 State Route 762** :
**Orient, Ohio 43146** :
:
**JOHN DOE NURSE 1; and** :
**JOHN DOE NURSE 2** :

| | |
|---|---|
| **JOHN DOE SOCIAL WORKER/ COUNSELOR 1; and** | : |
| | : |
| **JANE DOE NURSE 1; and** | : |
| | : |
| **JANE DOE NURSE 2; and** | : |
| | : |
| **JANE DOE SOCIAL WORKER/ COUSELOR 1; and** | : |
| | : |
| **JOHN DOE DOCTOR 1; and** | : |
| | : |
| **JOHN DOE DOCTOR 2; and** | : |
| | : |
| **JANE DOE DOCTOR 1; and** | : |
| | : |
| **JANE DOE DOCTOR 2; and** | : |
| | : |
| **DEFENDANTS,** | : |

## COMPLAINT

1) The Plaintiff is Joan Johnson, Executor of the Estate of Darez Duff, deceased. Natural Mother of the Decedent, hereinafter referred to as "Plaintiff" is bringing this action on behalf of the Deceased and/or his Estate.

2) The Decedent was and is Darez Duff. Hereafter referred to as "Deceased."

3) Darez Duff was born on or about July 29, 2001 and died on or about April 3, 2022 while under the control or under the care of the Defendant and/or Defendant State of Ohio and/or Ohio Department of Rehabilitation and Corrections, and/or Lebanon Correctional Institution, and/or Pickaway Correctional Institution.

4) The Defendants are all, hereinafter referred to jointly, severely, and individually as Defendants.

5) At all times relevant, all people and John and Jane Does were employed by Defendants of all the entities.

3

6) Jurisdiction is appropriate herein as this action is based upon causes of action for violations of the Constitution of the United States and based upon claims under 42 United States Code §1983 for injuries suffered by the Plaintiff while under the care, custody, and control of the Defendants in violation of the Plaintiff's Constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution to be free from cruel and unusual punishment.

7) Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and/or for violation of the Plaintiffs Eight and Fourteenth Amendments rights to the United States Constitution.

8) The Deceased's injuries were suffered and death occurred while incarcerated at the Lebanon Correctional Institution and the Pickaway Correctional Institution, both operated by the State of Ohio and/or the Ohio Department of Corrections, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

9) At all times relevant all actions referred to herein occurred within the State of Ohio and the Southern District of Ohio.

10) Venue is proper as the alleged violations of the United States Code and Constitution took place in the Southern District of Ohio.

11) This Court has authority pursuant to 42 U.S.C §1983 to award actual, consequential, compensatory and punitive damages as well as attorney's fees pursuant to 42 U.S.C §1988.

12) The Defendants at all times were acting under the color of State Law.

13) The individual Defendants are being sued in both their individual and official capacities.

14) At all times relevant the Defendants were under the direction, supervision, and control of Defendants, State of Ohio Department of Corrections Lebanon Correctional Institution and Pickaway Correctional Institution acting in accordance with their duties, policies, procedures, customs and rules and/or lack thereof of the aforementioned.

15) At all times relevant the entirety of the Defendants ratified and/or excused, and/or authorized all acts of the Defendants.

16) The State of Ohio and the Ohio Department of Corrections are Defendants because they control and operate the Lebanon Correctional Facility and Pickaway Correctional Facility and create, implement, supervise, and control all of the policies, procedures, rules, and regulations governing the said facilities and duties of the individual Defendants as well as that of the Deceased.

17) Defendants State of Ohio and the Ohio Department of Corrections operate the Lebanon and Pickaway Correctional facilities and owe the duty to provide competent and adequate medical care and treatment to the inmates who are imprisoned there. The Deceased was such an inmate.

18) Upon information and belief the Deceased's medical problems began on or about January 15, 2022, when he was still at Pickaway Correctional Institution and complained/reported to Defendants that he had Covid-19, was in pain, and could not sleep.

19) Upon information and belief at the time related to paragraph 18, it was noted by Defendant Fatmata Hartley that the Deceased had jaundice like red eyes with dilated pupils and was placed in restrictive housing.

20) Upon information and belief on February 8, 2022, the Deceased again contacted the

Defendants on the medical staff of Pickaway Correction Institution with the complaint of a bad cold, severe headaches, and a sore throat.

21) Thereafter, upon information and belief, the Deceased was seen by Defendant Nurse (RN) Genet Woldehiwot for his medical complaint on February 8, 2022, and was told to increase fluid intake and was instructed on how to use an inhaler.

22) Thereafter, on or about February 11, 2022, the Deceased was transferred to Lebanon Correctional Institution. It is unknown whether any medical records followed Deceased to the facility from Pickaway Correctional Institution.

23) Upon information and belief on or about February 11, 2022, the Deceased was tested for SARS and Covid-19, the results of which appear unknown.

24) Upon information and belief on or about March 3, 2022 the Deceased had a sick call because of what he believed to be a bug bite that was getting bigger. However, after being seen by Defendant nurse (RN) Melissa Moody-Betley, it was decided the Deceased treatment would limited to putting hot compresses on the aforementioned bumps.

25) Upon information and belief, on or about March 11 and 12, 2022, the Deceased reported to Defendant nurse (RN) Darcy Thompson that he had developed another boil on his neck and it was painful and draining. Thereafter Defendant Dr. Raja prescribed the Deceased Keflex.

26) Upon information and belief, on or about March 15, 2022, the Deceased reported on a sick call that the boil had popped and wanted to know what to do as an abscess had developed. Defendant clinical nurse-practitioner (CNP) Carolyn Reif noted cellulitis and to keep it clean and take the Keflex as before. Defendants also noted at that time

there was a concern for hepatitis.

27) Upon information and belief Deceased had a sick call on March 19, 2022, in which he complained of illness and came for a wound checkup. Defendant Nurse (RN) Melissa Moody-Betley noted that the wound appeared healed, but that there was a history of staph infection.

28) Upon information and belief on or about April 2, 2022, guards found Deceased severely ill in his cell suffering from diarrhea. Also, the Deceased vomited immediately upon being brought to the infirmary. At that time, Deceased had decreased cognitive abilities and shallow breathing.

29) After several hours Defendants Nurse, (RN) Melissa Moody-Betley and Dr. Raja decided to have Deceased transported to the hospital due to his appearance and symptoms.

30) Upon being taken to the hospital, medical staff wanted to call the Deceased's family to inform them of the severity of his condition. The medical staff were told by the prison guards who accompanied Deceased to the hospital that they were not to talk to the family about the situation.

31) Upon information and belief within less than 24 hours, Deceased died of pneumonia, SARS, Covid-19, MRSA, and a severe kidney injury.

32) At all times relevant, all the Defendants were responsible for, and in charge of responding to and recording medical problems and complaints of inmates including the deceased, and providing medical treatment, care, and services to inmates including the deceased, diagnosing illness and injuries, and instead ignored and neglected his wounds, health, illnesses, and treatment and/or were deliberately indifferent to the

Deceased's medical needs.

33) During the Deceased's incarceration, he was helpless and unable to treat and care for his injuries, illness, and medical needs, and was totally reliant and dependent on all of the Defendants to diagnose, respond to and treat his medical needs, provide care, and further, depended upon them for his very life.

34) The Defendants said acts or failures to act were committed pursuant to policies and customs of the Defendants, which include failure to adequately and reasonably hire, staff, train, supervise, and discipline medical staff for their failure to provide medical treatment and care of the inmate's medical needs and/or for only providing substantial or unsubstantial care.

35) Upon information and belief all of the Defendants have in this case and in the past had a proclivity, policy, habit, routine, and/or custom of being deliberately indifferent to the medical needs and treatment of their prisoners including this case where Defendants failed to recognize over a period of one and half months the seriousness, gravity, and extent of Deceased's illness and either refused or were reckless in failing to take the deceased to a hospital or facility that could adequately and properly treat him before he was terminally ill.

36) The Defendants knew or should have known the Deceased would suffer death, pain, permanent injury, fear, anxiety, worry, suffering, other injuries as a result of their behavior and actions or lack thereof. The Defendants knew or should have known that the family of the Deceased would suffer severe emotional distress from their actions and/or lack of action.

37) The Defendants were deliberately indifferent to the Deceased's mental, emotional, and

medical needs.

38) The acts of the Defendants were outrageous and intolerable in a civilized society and exceeded the bounds of decency and intentionally inflicted emotional distress of the Deceased and his family. The actions of all of the Defendants subjected the Deceased, Darez Duff, to pain and suffering and amounted to cruel and unusual punishment in correlation of the Deceased's Eighth Amendment Constitutional rights.

39) The Defendants actions or lack thereof were knowing, purposeful, willful, wanton, reckless, malicious, and/or negligent and in violation of the Deceased's rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C §1983 and 42 U.S.C §1988 and deprived him of his right to life, liberty, and the pursuit of happiness.

40) The Defendants actions or lack thereof, when they breached their duty of care that they owed to the Deceased, were done so knowingly, purposefully, willfully, wantonly, recklessly, maliciously, and/or negligently in violation of Ohio Revised Code Sections §2305.113(E)(3)(C)(i) - (ii) and/or §2125.01.

41) The Defendants policies, procedures, customs, and routine practices or lack thereof were knowing, purposeful, willful, wanton, reckless, malicious, and/or negligent.

42) As a direct and proximate cause of the Defendants actions or lack thereof Darez Duff, Deceased wrongfully died on or about April 3, 2022 at the age of twenty years old.

43) As a direct and proximate cause of the Defendant's actions Darez Duff, Deceased suffered serious injury, distress, and death.

    **WHEREFORE** as a result the Plaintiff demands from the Defendants compensatory damages in an amount not yet calculated, but in excess of seventy-five

thousand dollars ($75,000), exemplary damages not yet calculated, but in excess of seventy-five thousand ($75,000), punitive damages not yet calculated, but in excess of seventy-five thousand dollars ($75,000), attorney's fees and any other relief to which the Plaintiff is entitled to in law and/or equity.

Respectfully Submitted,

*/s/ W. Jeffrey Moore*
W. Jeffrey Moore, Esq. (0023429)
Moore & Yaklevich
33 South Grant Avenue
Columbus, Ohio 43215
Phone: (614) 222-0509
Facsimile: (614) 241-5909
Email: jeffmooreatty@gmail.com
Counsel For Plaintiff

## DEMAND FOR JURY TRIAL

Now comes the Plaintiff, by and through undersigned counsel, and hereby demands a Jury Trial in this matter.

*/s/ W. Jeffrey Moore*
W. Jeffrey Moore, Esq. (0023429)
Moore & Yaklevich
33 South Grant Avenue
Columbus, Ohio 43215
Phone: (614) 222-0509
Facsimile: (614) 241-5909
Email: jeffmooreatty@gmail.com
Counsel For Plaintiff