**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOAN JOHNSON,**
***Executor of the Estate of Darez Duff, Deceased,***

**Plaintiff,**

**v.**

**STATE OF OHIO, *et al.*,**

**Defendants.**

**Civil Action 2:24-cv-1527**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

This matter is before the Court on Plaintiff's Motion to Extend Discovery Cutoff (ECF No. 86). Therein, Plaintiff seeks to reopen discovery, which closed on September 10, 2026, to allow for Court intervention into a pending discovery dispute. Plaintiff contends that, although Defendants and subpoena recipients indicated that they had no documents in their possession responsive to certain discovery requests, Plaintiff's counsel discovered through his own research, "within the last few weeks," public records indicating that responsive documents were in the possession of Defendants and the subpoena recipients. (*Id.*)

There are two problems with Plaintiff's argument. The first is that Plaintiff has made no showing of diligence in pursuing additional documents or seeking the Court's intervention as necessary to demonstrate good cause to extend the case schedule under Federal Rule of Civil Procedure 16(b)(4). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in

attempting to meet the case management order's requirements.") (quotation omitted) (citing cases). Although Plaintiff's counsel uncovered these public records only within the last few weeks, Plaintiff has not explained why her counsel could not have undertaken that research well before the close of discovery. *See*, *e.g.*, *Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2021 WL 1289767, at *2 (S.D. Ohio Apr. 7, 2021) ("the test is not whether Plaintiff *realized* she wanted to amend her Complaint prior to the deadline; rather, Rule 16 requires Plaintiff to demonstrate that she *could not have*, despite the exercise of reasonable diligence, sought leave to amend prior to the deadline.") (citing *Leary*, 349 F.3d at 906) (emphasis in original).

The second problem is that the public records on which Plaintiff relies do not demonstrate that Defendants or the subpoena recipients are withholding any responsive documents. Plaintiff's discovery requests, as related to the Court, were limited to the time period of 2022–2023. (*See* Pl.'s Mot. 1–2, ECF No. 86.) But none of the public records attached to her motion fall within this period. (*See* ECF No. 86-3.) Thus, Plaintiff has not offered evidence suggesting that responsive documents exist and have not been produced.

For these reasons, Plaintiff's Motion to Extend Discovery Cutoff (ECF No. 86) is **DENIED**. As a result, Plaintiff's Motion to Stay Proceedings on Defendants' Motion for Summary Judgment (ECF No. 88) (in which Plaintiff seeks to stay her deadline to respond to Defendants' Motion for Summary Judgment based on her Motion to Extend Discovery Cutoff) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE